**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
505 Northern Blvd., Suite 311
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800
*spencer@spencersheehan.com*

    *-and-*

**LAW OFFICES OF PETER N. WASYLYK**
Peter N. Wasylyk (*PHV* to file)
1307 Chalkstone Ave.
Providence, RI 02908
Telephone: (401) 831-7730
Facsimile: (401) 861-6064
pnwlaw@aol.com

United States District Court
Southern District of New York                    7:19-cv-11469

| |
|---|
| Jennifer Lopez-Barnett, individually and on behalf of all others similarly situated, |
| Plaintiff, |
| - against - |
| Trader Joe's Company, |
| Defendant |

Class Action Complaint

Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.      Trader Joe's Company ("defendant") manufactures, distributes, markets, labels and sells corn flakes under their Trader Joe's brand ("Products").

2.      The Products are available to consumers from defendant's retail stores and are sold in boxes of 12 OZ (340g).

3.      The relevant front label representations include "Organic Corn Flakes," "Fat Free,"

"2g Sugar Per Serving," "Excellent Source of 6 B Vitamins" and pictures of fresh raspberries and

blueberries in a bowl of corn flakes with milk. on top of and around a heaping bowl of the product.



4.    The ingredient list on the side panel states:

**INGREDIENTS:** ORGANIC MILLED CORN, ORGANIC EVAPORATED CANE JUICE, SEA SALT, ORGANIC BARLEY MALT EXTRACT, MIXED TOCOPHEROLS (VITAMIN E) ADDED TO PRESERVE FRESHNESS. **VITAMINS & MINERALS:** FERRIC ORTHOPHOSPHATE (IRON SOURCE), SODIUM ASCORBATE (VITAMIN C), VITAMIN A ACETATE, NIACINAMIDE (A B VITAMIN), ZINC OXIDE (ZINC SOURCE), FOLIC ACID (A B VITAMIN), CYANOCOBALAMIN (VITAMIN B12), CHOLECALCIFEROL (VITAMIN D), PYRIDOXINE HYDROCHLORIDE (VITAMIN B6), RIBOFLAVIN (VITAMIN B2), THIAMIN MONONITRATE (VITAMIN B1).

I.   Product is Misleading because Sugar is Disguised as "Evaporated Cane Juice"

5.      Consumers expect ingredients on a product to be declared by their common or usual name that describes their basic source, function and properties

6.      Where an ingredient contains the term "juice," consumers expect that ingredient to be derived from a consumable fruit or vegetable.

7.      In fact, "juice" is defined as "the aqueous liquid expressed or extracted from one or more fruits or vegetables, purees of the edible portions of one or more fruits or vegetables, or any concentrates of such liquid or puree."[1]

8.      Fruit and vegetable juices are consumed for their nutritive value as they contain many vitamins and minerals.

9.      "Evaporated cane juice," according to the FDA, "suggest[s] that the ingredients are made from or contain fruit or vegetable "juice" as defined in 21 CFR 120.1."[2]

10.      However, "evaporated cane juice" has little in common with the types of juices that Americans consume because it is another name for the ingredient commonly known as "sugar."

11.      The FDA concluded that where an ingredient is described as "evaporated cane juice," consumers can be, and are misled because "cane juice" refers to a sweetener.

12.      By declaring "sugar" by a term which fails to truthfully and non-deceptively describe the source, function and qualities of the ingredient, reasonable consumers are deceived into purchasing a product with added sugar as its second most predominant ingredient.

13.      Given that the Product is marketed as a standard, no frills corn flakes, and are shown being consumed with fresh raspberries and blueberries, consumers will expect that "evaporated

---

[1] 21 C.F.R. § 120.1(a).
[2] FDA Guidance, Ingredients Declared as Evaporated Cane Juice (May 2016)

cane juice" bears a relationship to actual fruit, including those prominently displayed and is certainly not the equivalent of sugar.

14.   This results in the impression that the Products are a better nutritional choice than other comparable products which truthfully and non-deceptively identify "sugar" as their second most predominant ingredient.

15.   The Product's deceptive labeling is especially egregious because defendant is a grocery store with a reputation for selling health food products of high nutritional quality.

16.   A growing number of consumers, including plaintiff, are paying more attention to the ingredients contained in the foods they eat and are shunning excess, added sugars due to their association and contribution to ailments and conditions like coronary heart disease, obesity and diabetes.

II.  Conclusion

17.   The misleading terms used on the Products have a material bearing on price and/or consumer acceptance because they will pay more for products with the positive qualities associated with actual fruit juice, including naturally occurring vitamins and minerals.

18.   Had plaintiff and class members known the truth about the Products, they would not have bought the Product or would have paid less for it.

19.   The Products contain other representations which are misleading and deceptive.

20.   As a result of the false and misleading labeling, the Products are sold at premium prices, approximately no less than $3.29 per 12 OZ, excluding tax – compared to other similar products represented in a non-misleading way.

<u>Jurisdiction and Venue</u>

21.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

22.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

23.    Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

24.    This is a reasonable assumption because defendant's Product is sold in thousands of stores across all 50 states.

25.    Plaintiff Jennifer Lopez-Barnett is a citizen of New York.

26.    Defendant Trader Joe's Company is a California corporation with a principal place of business in Monrovia, Los Angeles County, California and is a citizen of California.

27.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

28.    Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and State.

29.    A substantial part of events and omissions giving rise to the claims occurred in this District.

Parties

30.    Plaintiff Jennifer Lopez-Barnett is a citizen of Westchester County, New York.

31.    Defendant is a California corporation with a principal place of business in Monrovia, California, Los Angeles County and is a citizen of California.

32.    During the class period, plaintiff purchased one or more of the Products identified herein, in his or her district and/or state, for personal use, consumption or application based on the

5

above representations, for no less than the price indicated, *supra*, excluding tax,

33.    Plaintiff would consider purchasing the Product again if there were assurances that the Product's representations were no longer misleading.

## Class Allegations

34.    The classes will consist of all consumers in New York and the other 49 states and a nationwide class where applicable.

35.    Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff and class members are entitled to damages.

36.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same representations.

37.    Plaintiff is an adequate representative because his or her interests do not conflict with other members.

38.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

39.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

40.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

41.    Plaintiff seeks class-wide injunctive relief because the practices continue.

## New York General Business Law ("GBL") §§ 349 & 350

42.    Plaintiff asserts causes of action under the consumer protection statutes of New York, General Business Law ("GBL") §§ 349 & 350.

43.    Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

44.    Plaintiff and class members desired to purchase products which were as described by defendant and expected by reasonable consumers, given the product type.

45.    Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

46.    Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Products contain the identified ingredient that contributes only sweetness and calories to the Product.

## Negligent Misrepresentation

47.    Plaintiff incorporates by reference all preceding paragraphs.

48.    Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Products through misrepresenting the amount, type, quantity and/or proportion of the sweetening ingredient.

49.    Defendant had a duty to disclose and/or provide non-deceptive labeling of the Product and its components and ingredients, and knew or should have known same were false or misleading.

50.    This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product or service type.

51.    The representations took advantage of consumers' (1) cognitive shortcuts made at the point-of-sale and (2) trust placed in defendant, a well-known and respected brand in this sector.

52.    Plaintiff and class members reasonably and justifiably relied on these negligent

misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

53.    Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*</u>

54.    Plaintiff incorporates by reference all preceding paragraphs.

55.    Defendant manufactures and sells products which contain the identified ingredient that contributes only sweetness and calories to the Product, which is desired by consumers.

56.    The Products warranted to Plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not due to the presence or absence of the aforementioned ingredient.

57.    Defendant's ingredient list informed and warranted to Plaintiff the Product contained a form of juice instead of sugar.

58.    Defendant had a duty to disclose and/or provide a non-deceptive description and identification of the Product and its ingredients.

59.    This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

60.    Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

61.    The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

62.    Plaintiff and class members relied on defendant's claims, paying more than they would have.

Fraud

63.    Plaintiff incorporates by references all preceding paragraphs.

64.    Defendant's purpose was to sell a product which purported to contained basic sugar but identify them as containing "evaporated cane juice," a healthier sounding yet misleading name.

65.    Defendant's fraudulent intent is evinced by its failure to accurately indicate the Products contained less of the desired ingredients or none at all.

66.    Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have, entitling them to damages.

Unjust Enrichment

67.    Plaintiff incorporates by reference all preceding paragraphs.

68.    Defendant obtained benefits and monies because the Product were not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1.  Declaring this a proper class action, certifying Plaintiff as representative and undersigned as counsel for the class;

2.  Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3.  Injunctive relief to remove and/or refrain from the challenged representations, restitution and disgorgement for members of the State Subclasses pursuant to the consumer protection laws of their States;

9

4.  Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and consumer protection law claims, and other statutory claims;

5.  Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6.  Other and further relief as the Court deems just and proper.

Dated:   December 14, 2019

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
505 Northern Blvd., Suite 311
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

*-and-*

Law Offices of Peter N. Wasylyk
Peter N. Wasylyk (*PHV* to file)
1307 Chalkstone Ave.
Providence, RI 02908
Telephone: (401) 831-7730
Facsimile: (401) 861-6064
*pnwlaw@aol.com*

7:19-cv-11469
United States District Court
Southern District of New York

Jennifer Lopez-Barnett, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Trader Joe's Company,

Defendant

## Class Action Complaint

Sheehan & Associates, P.C.
505 Northern Blvd., #311
Great Neck, NY 11021
Tel: (516) 303-0552
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  December 14, 2019

/s/ Spencer Sheehan
Spencer Sheehan